IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL H. TUCKER,

      Plaintiff,                    No. CIV S-09-0087 GGH P

    vs.

D. CALVIN,                           <u>ORDER AND</u>

      Defendant.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 24, 2009, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). On September 2, 2009, inmate Hakeem Akbar, a non-party, filed an opposition to the motion on plaintiff's behalf. The opposition was not signed by plaintiff.

        Fed. R. Civ. P. 11 requires that every pleading must be signed by an attorney of record or by a party if the party is unrepresented. On September 16, 2009, the undersigned ordered the opposition stricken because it did comply with Rule 11. Plaintiff was granted twenty days to file an opposition.

        On October 15, 2009, objections were filed to the September 16, 2009, order. The objections contain signature lines for both plaintiff and inmate Akbar but are not signed. The objections also appear to have been written by inmate Akbar. Because the objections are not

1

1 signed by plaintiff as required by Rule 11, they are disregarded.

2        Local Rule 78-230(m) provides in part: "Failure of the responding party to file
3 written opposition or to file a statement of no opposition may be deemed a waiver of any
4 opposition to the granting of the motion . . . ." On April 30, 2009, plaintiff was advised of the
5 requirements for filing an opposition to a motion to dismiss and that failure to oppose such a
6 motion may be deemed a waiver of opposition to the motion.   For the reasons discussed above,
7 the court finds that plaintiff has failed to oppose defendant's motion.

8        Accordingly, plaintiff's failure to oppose should be deemed a waiver of
9 opposition to the granting of the motion.  In the alternative, the court has reviewed the motion
10 and finds that it has merit.

11       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign
12 a district judge to this action; and

13            IT IS HEREBY RECOMMENDED that:

14            1. Defendant's July 24, 2009, motion to dismiss (no. 12) be granted; and

15            2. This action be dismissed.

16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
18 days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21 shall be served and filed within ten days after service of the objections.  The parties are advised
22 that failure to file objections within the specified time may waive the right to appeal the District
23 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24 DATED: November 3, 2009

25                                /s/ Gregory G. Hollows
                                  _____
                                  UNITED STATES MAGISTRATE JUDGE
26 tuck87.57