IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL H. TUCKER,

      Plaintiff,                    No. CIV S-09-0087 JAM GGH P

    vs.

D. CALVIN,

      Defendant.             <u>ORDER</u>

_____/

      Pending before the court is the U.S. Marshal's December 8, 2009, request for reimbursement for the cost of personal service of defendant Calvin. On December 10, 2009, defendants filed a response to this request. For the following reasons, defendant Calvin is ordered to reimburse the U.S. Marshal for the cost of personal service.

      On January 12, 2009, plaintiff filed the original complaint. On January 23, 2009, the undersigned found that the complaint stated a colorable claim against defendant Calvin but dismissed the claims against the remaining defendants with thirty days to file an amended complaint. Thirty days passed and plaintiff did not file an amended complaint. Accordingly, on March 19, 2009, the undersigned ordered plaintiff to return the forms necessary to effect service of defendant Calvin within thirty days. On March 30, 2009, plaintiff returned these forms.

/////

On April 30, 2009, the undersigned ordered the U.S. Marshal to serve defendant Calvin. This order directed the Marshal to notify defendant within ten days of the commencement of the action and to request a waiver of service of summons in accordance with Fed. R Civ. P. 4(d) and 28 U.S.C. § 566(c). The April 30, 2009, order further stated that if a waiver of summons was not returned within sixty days from the date of the mailing of the request for waiver, the U.S. Marshal was to personally serve defendant.

On May 27, 2009, the U.S. Marshal mailed the waiver to defendant. On July 24, 2009, defendant filed a motion to dismiss but he did not return the waiver. After not receiving the waiver within sixty days, on November 25, 2009, the U.S. Marshal personally served defendant at High Desert State Prison. The cost of personal service was $103.62.

Fed. R. Civ. P. 4(d)(2) provides that if a defendant located within the United States fails, without good cause, to sign and return a waiver, the court may impose on the defendant the expenses of personal service. In the opposition to the pending request, defendant does not address whether he had good cause for failing to return the waiver. Instead, he argues that he was not required to return the waiver because service was improper. The court will first address these arguments.

Citing Fed. R. Civ. P. 4(b), defendant argues that service was improper because the USM 285 form was prepared by a non-party. The form, court file doc. # 20, was signed by inmate Hakim Hussin Akbar who was apparently assisting plaintiff. Fed. R. Civ. 4(b) states, "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service of the defendant." Fed. R. Civ. P. 4(a) sets forth the requirements for the contents of summons.

The rule cited by defendant, Fed. R. Civ. P. 4(b), is addressed to the requirements of summons rather than USM-285 forms. In any event, Rule 4 does not state that the summons must contain the plaintiff's signature. Rather, it states that the summons must contain the name

and address of plaintiff, which plaintiff's USM-285 form contained. Fed. R. Civ. P. 4(a)(1)(C).

Defendant also argues that he was not required to return the USM 285 form because service was made more than 120 days after the complaint was filed. Fed. R. Civ. P. 4(m) provides that if a defendant is not served within 120 days after the complaint is filed with the court, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. To avoid dismissal, a plaintiff may show good cause for the failure to serve to avoid dismissal– an almost automatic good cause finding when the court has assumed service of process.

Fed. R. Civ. P. 4(m) does not excuse defendant from returning the waiver. At the time the waiver was served on defendant, this action had not been dismissed pursuant to Rule 4(m). If defendant believed that service was untimely, it is unclear why he did not move to dismiss pursuant to this rule. For these reasons, defendants' argument that he was not required to return the waiver due to untimely service is without merit.

Finally, defendant argues that by filing the motion to dismiss, he made a general appearance in this action which submitted him to the court's jurisdiction. While defendant may have appeared in the action by filing the motion to dismiss, this also does not excuse his failure to return the waiver.

In essence, defendant is suggesting that the court be required to check whether a waiver has been returned each time a defendant, whom the court has ordered the U.S. Marshal to serve, make an appearance. If the waiver has not been returned, defendant is suggesting that the court be required to inform the U.S. Marshal of the appearance so that no personal service occurs.

The court does not have the resources to engage in the administrative task defendant is suggesting. Requiring a defendant to return the form, as he is required to by the Federal Rules, is not unreasonable.

\\\\\

Defendant has not shown good cause for his failure to return the waiver. For that reason, he is ordered to pay the cost of service.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, defendant shall reimburse the U.S. Marshal for the cost of personal service, $103.62;

2. The Clerk of the Court shall serve a copy of this order on Valerie Duran, U.S. Marshals Service.

DATED: December 17, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

tuck87.ord